# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NAUDIA MAINOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-1483-ACA |
| | ) |
| **BOPPY COMPANY LLC, THE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Naudia Mainor filed this product liability action against Defendant The Boppy Company after her infant died while allegedly using a Boppy pillow. Eleven months after the infant's death, Boppy recalled the pillow. Ms. Mainor seeks discovery of the recall (1) from Boppy through interrogatories and document requests and (2) from the U.S. Consumer Product Safety Commission ("CPSC") through a subpoena. Boppy objects to the discovery on numerous grounds and requests the court enter a protective order sustaining its objections and quashing the CPSC subpoena.

Because the court is not persuaded by any of Boppy's arguments, the court **DENIES** Boppy's motion for protective order and to quash the CPSC subpoena. (Doc. 40).

I.  **BACKGROUND**

Ms. Mainor alleges that while her infant was laying on a Boppy pillow, he suffocated and died. (Doc. 1-1 ¶¶ 30–33). Ms. Mainor's son was one of eight infants who died on a Boppy pillow. (*See* doc. 1-1 ¶ 51); *Safety Recalls*, BOPPY, https://www.boppy.com/pages/product-recalls (last visited Feb. 6, 2024). About a year after Ms. Mainor's son's death, in cooperation with the CPSC, Boppy recalled the pillow. (Doc. 1-1 ¶ 51; doc. 40 at 4).

Ms. Mainor now seeks discovery of information regarding the recall from Boppy (*see* doc. 40-5 at 11, 17; doc. 40-6 at 7, 19) and the CPSC (doc. 40-11). The discovery requests of Boppy are as follows:

> **Interrogatory 10:** Describe and list all correspondence with any governmental agency with regard to inquiry or investigation into the Subject Product or Similar Products, as described in the complaint. **PRODUCE:** All documentation provided by or to all governmental agencies.
>
> **Interrogatory 17:** State whether this Defendant or any representative of this Defendant conducted any recall campaigns or similar activity involving the Subject Product or Similar Products, or any component part thereof. If so, **PRODUCE:** All documents that deal with said recall.
>
> **Request for production 6:** All documentation of any type that in any way mentions, describes or otherwise refers to any recalls or potential recalls the Defendant has made or has contemplated making of the Subject Product or of Similar Products.
>
> **Request for production 25:** Each investigation report relating to the occurrence, the Subject Product, or Similar Products prepared by any agency, bureau or commission of the Federal Government or any state, local, or municipal government.

2

(Doc. 40-5 at 11, 17; doc. 40-6 at 7, 19). Ms. Mainor's CPSC subpoena similarly seeks all communications and documents relating to the Boppy pillow. (*See* doc. 40-11 at 8–11 ¶¶ 1–27).

## II.   DISCUSSION

The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in the context of discovery has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1277 (11th Cir. 2021) (quotation marks omitted). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Id.* (quotation marks omitted). Indeed, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *Akridge*, 1 F.4th at 1276 (quotation marks omitted).

Boppy objects to the discovery requests and the CPSC subpoena for two reasons. First, Boppy argues that its conduct after the voluntary recall is not discoverable because it was a subsequent remedial measure under Federal Rule of Evidence 407 and would therefore be inadmissible as evidence. (Doc. 40 at 10). Second, Boppy argues the requests are overbroad, unduly burdensome, and not proportional to the needs of the case. (*Id.* at 11). Ms. Mainor responds to each of

those arguments and raises a new argument of her own: that Boppy does not have standing to oppose the CPSC subpoena. (*See* doc. 42 at 14–15). The court will first address the standing argument, then address the Rule 407 arguments, and finally address the proportionality arguments.

### 1. Boppy Does Not Have Standing to Quash the CPSC Subpoena but Can Move For a Protective Order over the Subpoena.

A party has standing to quash a third-party subpoena only if they allege a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).[1] Boppy makes neither argument; instead, it argues only that the materials subpoenaed are not admissible evidence or relevant to the litigation. (*See* doc. 40 at 13; *see also id.* at 10–12). Therefore, Boppy has not satisfied its burden that it has standing to quash the subpoena. *See Brown*, 595 F.2d at 967.

But as a party to the litigation, Boppy can move for a protective order over the subpoena if the subpoena seeks irrelevant information. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. Sept. 28, 2005).[2] And because Boppy's arguments in support of its motion to quash the CPSC subpoena

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] Although this case is not binding authority, *see Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011), the court finds it persuasive.

are identical to its reasons for a protective order over Ms. Mainor's discovery requests, the court will address the arguments together. (*See* doc. 40 at 13).

### 2. Federal Rule of Evidence 407 Does Not Bar the Requested Discovery.

Eleven months after the death of Ms. Mainor's son, Boppy recalled the pillow. (*See* doc. 40 at 10; doc. 1-1 ¶¶ 30–33, 51). Ms. Mainor's discovery requests (*see* doc. 40-5 at 11, 17; doc. 40-6 at 7, 19) and the CPSC subpoena (*see* doc. 40-11 at 8–11 ¶¶ 1–27) generally seek all information related to that recall or any other potential recall of the Boppy pillow. Boppy argues that none of that information is reasonably calculated to lead to the discovery of admissible evidence because those materials would be excluded as a subsequent remedial measure under Federal Rule of Evidence 407. (Doc. 40 at 10; *see also id.* at 12–13); *see* Fed. R. Civ. P. 26(b)(1).

Rule 407 provides that "measures . . . taken that would have made an earlier injury or harm less likely to occur . . . [are] not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. The rule, however, allows a court to admit that evidence for another purpose, such as impeachment. *Id.* Boppy argues that because they recalled the pillow eleven months after the death of Ms. Mainor's son, "any action taken by Boppy related to the voluntary recall . . . was a subsequent remedial measure that would be inadmissible." (Doc. 40 at 10; *see also id.* at 13).

That argument does not persuade the court for two reasons. First, the Federal Rules of Civil Procedure expressly define the scope of discovery to include materials that may not be admissible in evidence. Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). And second, assuming Boppy is correct that "any action" related to the recall is a subsequent remedial measure, Rule 407 would not categorically bar the admissibility of that evidence. (*See* doc. 40 at 10). The rule would permit Ms. Mainor, for example, to proffer the evidence for impeachment or to demonstrate the feasibility of precautionary measures. *See* Fed. R. Evid. 407.

### 3. The Discovery Requests Are Not Overbroad, Unduly Burdensome, or Nonproportional to the Needs Of the Case.

Boppy also argues that the discovery requests and CPSC subpoena "should be barred because they are overbroad, unduly burdensome, and not proportional to the needs of the case." (Doc. 40 at 11; *see also id.* at 13). But beyond referencing the use of the words "all" and "any" in the discovery requests, Boppy makes no argument as to why the requests are unduly burdensome or nonproportional. (*See* doc. 40 at 12–13). It is Boppy's burden to demonstrate good cause exists to enter a protective order and it has not done so. *See* Fed. R. Civ. P. 26(c)(1).

### III.  CONCLUSION

Boppy's motion for a protective order and to quash the CPSC subpoena is **DENIED**. (Doc. 40).

**DONE** and **ORDERED** this February 6, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE